Simon, J.
delivered the opinion of the court.
*630 Plaintiffs sue for the recovery of the sum of one thousand dollars, -which is the amount of a policy of insurance. They allege that in consequence of the loss and destruction hy fire of a certain quantity of household furniture contained in their dwelling house, which furniture was covered hy the said policy, to the aforesaid amount of $1000, they are entitléd to claim indemnity from the underwriters, to the full amount of the policy. Defendants plead that the insurance declared on was effected only on the property of J. O. Olarke, and that the loss occurred was on the separate property of his wife, which was not insured. That the loss occurred on property not embraced in the description of the policy; that an officer was sent to the house containing the property offered for insurance, for the purpose of examining into the situation and value of the said property, and that none of the property, for the loss of which, indemnity is claimed, was shown to the officer. They fur-[433] ther aver that the property in question was not required for the ordinary purposes of plaintiffs’ family, and was not used hy them as household furniture; that the same was stored in a garret of the. house; that if the same had been shown to their inspector for insurance, a larger premium would have been required; and that when the fire took place, if the furniture had been shown to he in that part of the house, or if notice had been given to the firemen, there was ample time for the removal of the same, and the same would have been removed and saved.
The lower court gave judgment in favor of the plaintiffs for seven hundred and fifty dollars; from which judgment the defendants appealed.
The offer or application for insurance signed hy J. O. Olarke, says that “ insurance is wanted for one year on household furniture, looking-glasses, beds, &c., to the amount of one thousand dollars, contained in a house in Lafayette city, on Bellegarde-street, built, the first story of bricks, the second and garret of wood, and covered with slate.” There is an accidental variance between the offer and the policy with regard to the description of the house; several witnesses have been bear’d to establish all the circumstances relative to the fire, the extent and value of the loss and damage, and the situation of the furniture in the different rooms of the house, and particularly in the garret where a certain quantity of it was stored. The evidence shows also that this furniture was occasionally used, as it was wanted; that the house was small and the family very large, in consequence of which, said furniture was taken up stairs, and only brought down when it was to he used, and it is also established that the property which was lost, destroyed or damaged, belonged to Mrs. Olarke, who formerly kept a hoarding house.
The main ground of defence set up hy the underwriters is, that the furniture did not belong to Olarke, hut was the property of his wife, and that therefore he had not himself any insurable interest in the policy. It is perfectly clear that the husband has the power of administering the estate of his wife, [434] and particularly her movable property, and to act in his own individual name with regard to the said administration. If the wife’s property be dotal the husband alone has the administration of it, although the wife remains the proprietor thereof; La. Oode, art. 2330 ; and if on the contrary, her estate is paraphernal, it is considered to be under the management of the husband, *631 unless it be administered by tbe wife alone and separately; Id. art. 2362; wl ich is not shown to be the case in the present instance. Olarke had therefore such interest and right in the furniture, as necessarily authorized him to insure it, even in his own name, without its being necessary for Mm to declare the nature and extent of his interest.
The next ground is that no information as to the exact situation of the property had been given by the plaintiff, and that the risk was increased by the furniture being stored in a garret from which it was difficult to remove it. This objection, is, in our opinion, untenable. The policy of insurance was made in reference to the furniture, &c., generally contained in the house in which the plaintiffs resided, without any distinction or exception as to the particular rooms in which said furniture should be kept. The description of the house given in the written application, shows that the underwriters were informed that there was a garret; and although this was not included in that part of the policy in which the house is described, we think it was the duty of the defendants or of their inspector to look into all the matters or circumstances necessary to ascertain the nature of the risk. The gairet was a part of the house, to be used by the inmates, as well as any other apartment; there, they were in the habit of storing the furniture which they did not want for their daily use, and we are unable to see any reason why such furniture should be excepted from the general effect of the policy. If the underwriters were ignorant of this fact, they must attribute it to their own fault or negligence.
On the whole, we thing the judge a quo did not err in giving judgment in favor of the plaintiffs, and in allowing them seven hundred and fifty [435] dollars for the loss and damage by them sustained.
It is therefore ordered, adjudged and decreed, that the judgment of the commercial court be affirmed, with costs.